761 P.2d 143

**STATE of Arizona, Petitioner,**

v.

**Honorable Lina RODRIGUEZ, Judge of the Superior Court, In and For the County of Pima, Respondent,**

and

**Jeffrey William DICUS, Real Party in Interest.**

**No. 2 CA–SA 88–0012.**

Court of Appeals of Arizona, Division 2, Department A.

March 22, 1988.

Review Denied Oct. 4, 1988.*

Stephen D. Neely, Pima Co. Atty. by David Rubenstein, Tucson, for petitioner.

Law Office of William J. Redondo by Patrick C. Hurd, Tucson, for real party in interest.

## OPINION

HOWARD, Presiding Judge.

The state has brought this special action from the trial court's refusal to grant a

---

* Gordon, C.J., of the Supreme Court, did not participate in the determination of this matter.

motion to vacate hearing and to quash subpoena, a motion which arose from the real party in interest's challenge to a new program implemented by the Pima County Attorney's Office excluding certain offenders from plea bargaining. We believe the trial court abused its discretion in refusing to vacate the hearing. Since the state has no equally plain, speedy or adequate remedy by appeal, we assume jurisdiction and grant relief.

The applicable facts which led to the instant ruling are as follows. The real party in interest, Jeffrey Dicus, was arrested on August 27, 1987, for stealing 18 cartons of cigarettes and a $30 car stereo from two Tucson stores. He and a codefendant, Larry Reid, were indicted on two counts of third-degree burglary and one count of theft by control. Defense counsel was informed that due to the existence of a new program implemented by the Pima County Attorney's Office whereby certain "target offenders" are to be offered no plea bargains whatsoever, real party in interest would either have to plead to all charges or go to trial on all charges. Under the Target Offender Program, a defendant is deemed ineligible for plea negotiations if he or she meets the following criteria: between the ages of 18 and 25; juvenile law enforcement contact; prior arrest; drug or alcohol abuse history; sporadic employment or post-adjudication/conviction incarceration.

The real party in interest was deemed to meet the TOP profile although he is 26 years old. No plea offer was made and his minimum prison exposure is 10, 12 or 14 years at two-thirds time. The codefendant's background is very similar to that of the real party in interest except that he is 40 years old. He was offered a plea bargain, under which the allegation of prior conviction and the allegation that this offense was committed while on release were to be dismissed, thereby lessening his prison exposure from two-thirds of 10, 12 or 14 years to one-half of four, six or eight years. On January 21, 1988, Mr. Reid accepted the offer and was sentenced to a presumptive term of six years in prison.

The real party in interest's attack on the Target Offender Program is based on his contention that the program constitutes an abuse of prosecutorial discretion or that discretion has been "abandoned entirely in favor of blind adherence to an arbitrary and improper checklist." He claims that his age, normally a factor in mitigation, is being used as the determining factor in seeking maximum punishment.

■■■ It is within the prosecutor's discretion to determine whether to file charges and which charges to file. *State v. Hankins*, 141 Ariz. 217, 686 P.2d 740 (1984); *State v. Murphy*, 113 Ariz. 416, 555 P.2d 1110 (1976). While the real party in interest agrees that it is similarly within the prosecutor's discretion to decide in what cases, if any, to plea bargain, *State v. Martin*, 139 Ariz. 466, 679 P.2d 489 (1984), he claims that the prosecutor cannot abandon this discretionary power. We disagree. There is no constitutional bar to the full prosecution of all criminal law violators as long as that prosecution is not tainted with invidious discrimination. *Murguia v. Municipal Court for Bakersfield*, 15 Cal.3d 286, 124 Cal.Rptr. 204, 540 P.2d 44 (1975). *See also Murray v. Thorneycroft ex rel. Arizona Highway Dept. Motor Vehicle Division*, 131 Ariz. 156, 639 P.2d 346 (App. 1981). In *Martin, supra,* our supreme court stated:

> [W]hile a prosecutor may refuse to plea bargain with alleged criminal violators, he may not do so solely because defendant has selected a particular defense counsel. The county attorney may not refuse to plea bargain out of animus toward the defendant's attorney. He may plea bargain or not, depending on how this case fits the policies and standards of his office. For instance, he may properly decide, as a matter of policy, that there will be no plea bargains with those accused of selling cocaine, or he may plea bargain only in cases in which there exists substantial doubt of guilt. He must, however, have some valid reason; animus toward defense counsel is not a proper reason.

139 Ariz. at 481, 679 P.2d at 504. There is no question that not only can a prosecutor offer a plea bargain or not in an individual case, he may properly decide to refuse plea bargains in certain types of cases. That is what the Target Offender Program has accomplished, and the real party in interest's argument regarding prosecutorial discretion to the contrary, we find no constitutional nor case law bar to the program. The program does not contain the objectionable feature prohibited in *State v. Pettitt*, 93 Wash.2d 288, 609 P.2d 1364 (1980), i.e., the prosecuting attorney's office had a mandatory policy of filing habitual criminal complaints against all defendants with three or more prior felony convictions, preventing the prosecutor from exercising any discretion whatsoever. Here, it appears that while certain factors are utilized to qualify defendants for the program, discretion is still exercised by the prosecutor. Indeed, in this case, the real party in interest was placed in the program in spite of the fact that he did not meet the age cutoff.

The United States Supreme Court has held that a denial of equal protection would be established if a defendant could demonstrate that the prosecutorial authorities' selective enforcement decision was based on an unjustifiable standard such as race, religion or other arbitrary classification. *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). In the instant case, what is required is that age bear a rational relationship to legitimate law enforcement interests. It is obvious that it does. What the program has done is attempt to segregate out the youthful offender who has amassed an extraordinary criminal record in a relatively short span of time and insure that his one-man crime spree is halted for a significant period.[1] The targeted offenders are not being punished using their youth as the determinative factor, but rather because they have been unable to conform their behavior, resulting in a drain on the court and prison systems. Absent any showing that he is being refused a plea bargain based on any unjustifiable factors such as race or religion, we hold that the trial court erred when it refused to grant the state's motion to vacate hearing and to quash subpoena. The order denying said motion is vacated, and the trial court is directed to enter an order granting the motion.

HATHAWAY and ROLL, JJ., concur.

1. The real party in interest's adult criminal record includes convictions for giving false identification, having no valid driver's license, resisting an officer, disorderly intoxication and petty theft. He was also sentenced to four years in prison after pleading guilty to a drug charge. All of these convictions occurred when he was 18. In 1982, he was convicted of DUI. He violated his probation in 1984. In 1986, he was cited for shoplifting and released. The next day he was cited in another shoplifting incident and released. Twelve days later he was again detained, then released, in a shoplifting incident. In February 1987, he was involved in three shoplifting incidents. In May he was arrested for shoplifting and for his twelve warrants for failure to appear. He was convicted of two burglary counts and ordered to serve a five-year prison term. While on release for these burglary convictions prior to sentencing, he committed the offenses which formed a basis for the instant prosecution.