821 P.2d 1374

**The STATE of Arizona, Appellee,**

v.

**Rodney George JACKSON, Appellant.**

**No. 2 CA–CR 90–0528.**

Court of Appeals of Arizona, Division 2, Department A.

May 16, 1991.

Redesignated as Opinion June 19, 1991.

Review Denied Jan. 21, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, and Randall M. Howe, Phoenix, for appellee.

Jim D. Himelic, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was convicted after a jury trial of two counts of sexual abuse of a person under the age of 15 years, one count of child molestation, one count of sexual conduct with a person under the age of 15 years, and two counts of attempted sexual conduct with a person under the age of 15 years. He was sentenced to a mitigated term of five years' imprisonment for each conviction of sexual abuse, the presumptive term of 17 years' imprisonment for the molestation conviction, a mitigated term of 15 years' imprisonment for the sexual conduct conviction and five years' probation for each of the convictions for attempted sexual conduct, all of the sentences to be served consecutively.

On appeal, he asserts five errors: (1) he received ineffective assistance of counsel; (2) the trial court erred in permitting an expert witness to testify about the credibility of the victim; (3) his right to equal protection was violated by the exclusion of the only black person from the jury; (4) the state failed to establish a sufficient chain of custody to allow the admission of certain exhibits; and, (5) the trial court erred in imposing sentence. We affirm as modified below.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant's first argument is that his trial counsel was ineffective because he did not seek a plea bargain. In *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989), our supreme court stated, "We will not reverse a conviction on ineffective assistance of counsel grounds on direct appeal absent a separate evidentiary hearing concerning counsel's actions or inactions." The court stated that such an issue should be raised in post-conviction proceedings under Ariz.R.Crim.P. 32, 17 A.R.S. The court also stated that, even in the absence of an evidentiary hearing, an appellate court may consider the claim when the court can "clearly determine from the record that the ineffective assistance claim is meritless ..." Id.

To establish ineffective assistance of counsel, appellant must show that (1) counsel's representation fell below an objective standard of reasonableness; and, (2) this performance prejudiced the defense. *State v. Nash*, 143 Ariz. 392, 694 P.2d 222, cert. denied 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985). Appellant has no constitutional right to a plea agreement, and the state is not required to offer one. *State v. Draper*, 162 Ariz. 433, 784 P.2d 259 (1989); *State v. Rodriguez*, 158 Ariz. 69, 761 P.2d 143 (App.1988). The record does not indicate that the state ever offered a plea agreement. Therefore, whether appellant could have obtained a favorable deal if his counsel had pursued a plea agreement, is speculative at best. Appellant has the burden of proof in establishing the claim and with regard to the issue of prejudice, the proof "must be a demonstra-

ble reality rather than a matter of speculation." *State v. Meeker*, 143 Ariz. 256, 264, 693 P.2d 911, 919 (1984). Appellant has not and cannot meet his burden of proof.

## EXPERT WITNESS

 Appellant next argues that the trial court committed reversible error in admitting certain testimony of the state's expert witness, a psychologist. During cross-examination by appellant's counsel, the following exchange took place:

Q. In cases where there have been—if it could be documented that there were no threats made, that would make any recantation as a result of threats less likely; right?

A. The fact that if there were no threats, that the child was recanting?

Q. Because of threats—

A. Because of threats. They wouldn't be recanting if there were no threats.

Later defense counsel asked the expert a question based on a hypothetical situation where the child victim actually lied by claiming that an act of sexual abuse had occurred when in fact it had not. On redirect examination, the prosecutor asked the following:

Q. Based upon his hypothetical situation that you were given, okay, that being the child begins with a lie, same pressures are there to stay with that lie as when a child will recant. Can the child combat those pressures to maintain the lie and eventually tell the truth?

(By Mr. Martin): Your Honor, I again think this is total speculation.

THE COURT: Overruled.

A. I think it's very hard for a 10 year-old to maintain a lie over a long period of time, 10 or 11 year-old, with the pressure from adults and authority figures.

Q. (By Mr. Larsen): "Long period of time" being periods of months?

A. Period of months, yes.

Appellant argues that the expert was commenting on the credibility of the child victim. While an expert can testify concerning the behavioral characteristics of victims of child abuse, an expert cannot testify about the accuracy, reliability or truthfulness of the victim in the case before the jury, or quantify the percentage of victims who are truthful. *State v. Lindsey*, 149 Ariz. 472, 720 P.2d 73 (1986). Here, the expert was not vouching for the credibility of the victim. The statements were not direct comments about the victim's credibility, rather, they were comments about several characteristics of victims of child sexual abuse generally. In any event, both of the challenged comments were invited by appellant's counsel. The first comment was made during cross-examination in response to a question by defense counsel. The second, made during redirect, referred to a hypothetical situation posed by defense counsel. "When counsel opens the whole field of inquiry, he cannot assign its fruits as error on appeal." *State v. Woratzeck*, 134 Ariz. 452, 657 P.2d 865 (1982).

## EXCLUSION OF JUROR

Appellant next argues that his right to equal protection was violated by the exclusion of the only black prospective juror. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *State v. Bailey*, 160 Ariz. 277, 772 P.2d 1130 (1989).

Appellant has made a prima facie case of a *Bailey* violation. The prosecutor used a peremptory challenge to remove the only black person on the jury panel. The burden rested on the state to provide a racially-neutral reason for the strike. The prosecutor explained that he struck the individual because he wore a ponytail, which, to the prosecutor, meant that the person tended toward liberalism and doing his own thing. The strike, therefore, was not based on race, but on the person's perceived philosophical attitude. The trial court accepted the prosecutor's racially-neutral explanation.

 One of appellant's attorneys stated that she did not recall the stricken juror having a ponytail. The court stated that it did not recall the juror, but would accept the prosecutor's avowal. We see no error. We note that this issue was raised after the jury had been selected and the rest of the panel dismissed. If the issue had been

raised in a timely manner, the trial court would have been able to observe the individual and to see whether the prosecutor was correct. Failure to do so is a waiver of the argument. *State v. Holder*, 155 Ariz. 83, 745 P.2d 141 (1987).

### CHAIN OF CUSTODY

 Appellant next claims that testimony about blood and semen samples was improperly admitted because the state failed to provide a sufficient chain of custody for the samples. No objection was made below to the admission of the testimony and, therefore, absent fundamental error, the issue is waived on appeal. *State v. Sanchez*, 130 Ariz. 295, 635 P.2d 1217 (App.1981). "A defendant may not permit evidence to be introduced without objection and later make its admission grounds for a mistrial." *State v. Williams*, 107 Ariz. 262, 264, 485 P.2d 832, 834 (1971). We cannot say error occurred here, no less fundamental error.

 To establish a chain of custody, the state must show a continuity of possession. However, it need not disprove every remote possibility of tampering with the evidence. *State v. Davis*, 110 Ariz. 51, 514 P.2d 1239 (1973). The state simply must reasonably show that the evidence is intact and unaltered. *State v. Washington*, 132 Ariz. 429, 431, 646 P.2d 314, 316 (App. 1982). The evidence will be admitted if this showing is made, unless the defendant offers proof that the evidence has changed or been tampered with. *State v. Macumber*, 119 Ariz. 516, 582 P.2d 162, cert. denied 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *State v. Davis*, supra. Here, the state proved that the items in question were always in the possession of the police. This is sufficient to show a chain of custody. *State v. Moreno*, 26 Ariz.App. 178, 547 P.2d 30 (1976).

 While the chain of custody was imprecise, in the absence of any suggestion of specific misconduct with respect to the sperm and blood samples tested, we cannot say the trial court abused its discretion in admitting them into evidence and permitting testimony regarding the results of laboratory tests. Cf. *State v. Noble*, 109 Ariz. 539, 514 P.2d 460 (1973) (decision whether sufficient foundation has been laid within sound discretion of trial court).

### SENTENCE

 Appellant finally claims that the trial court erred in sentencing him, arguing that the imposition of consecutive sentences constitutes cruel and unusual punishment and violates A.R.S. § 13-116. First, appellant cites the wrong statute. He was convicted of sexual crimes against a child. The applicable statute, therefore, is A.R.S. § 13-604.01(J), which states: "The sentence imposed on a person ... for a dangerous crime against children in the first or second degree *shall be consecutive* to any other sentence imposed on the person at any time." (Emphasis added) It is irrelevant that the acts were committed within a relatively short time span. *State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1971). Consecutive sentences may be given for multiple crimes committed on the same occasion. State v. Sanchez, supra.

Second, as to the claim that the sentences constitute cruel and unusual punishment, appellant relies on *State v. Bartlett*, 164 Ariz. 229, 792 P.2d 692 (1990). He argues that as the application of A.R.S. § 13-604.01 to *Bartlett* was cruel and unusual, its application to him is likewise cruel and unusual. We find *Bartlett* entirely distinguishable. There, the defendant was an immature 23-year old with no prior felony convictions who had consensual sexual relations with two post-pubescent girls who were just a few months shy of their 15th birthdays. The girls were "willing participants" and were not physically injured or emotionally traumatized. There was no force used or any threats of violence.

In *Bartlett*, the court stated:

This is a narrow holding limited to the facts and circumstances of this case. The Supreme Court has said that successful challenges to the proportionality of particular sentences are "exceedingly

rare." [citation omitted] This is such a rare case.

164 Ariz. at 240, 792 P.2d at 703.

Appellant is not immature, but a 29-year-old man with an extensive criminal record. He forcibly assaulted an 11-year-old girl who had been entrusted to his care. He threatened to repeat his assault if she told her mother, and ignored her pleas to stop.

Appellant's sentences are proportional to his crimes and were not cruel and unusual. He cites the following cases in which A.R.S. § 13–604.01 was applied and argues that his conduct does not approach the conduct in these cases: *State v. Taylor*, 160 Ariz. 415, 773 P.2d 974 (1989) (defendant committed various acts with children aged 8 to 18 and had prior sexual offense history); *State v. O'Neill*, 117 Ariz. 343, 572 P.2d 1181 (1977) (victim was two-year-old torn between vagina and rectum); *State v. Smith*, 156 Ariz. 518, 753 P.2d 1174 (App.1987) (defendant molested 10-year-old boy and took photographs); and *State v. Crego*, 154 Ariz. 278, 742 P.2d 289 (App.1987) (defendant committed three offenses while on parole). We disagree and find appellant's conduct comparable to that of the defendants in these cases. He was properly sentenced.

Appellant claims, and the state agrees, that he is entitled to presentence incarceration credit. He was arrested on December 14, 1989, and sentenced on July 18, 1990. He is therefore entitled to credit of 216 days. The credit applies to only one of his sentences, however. *State v. Cuen*, 158 Ariz. 86, 761 P.2d 160 (App.1988).

We have searched the record for fundamental error and have found none. Appellant's convictions and sentences, as modified, are affirmed.

LIVERMORE and LACAGNINA, JJ., concur.