938 P.2d 104

**STATE of Arizona, Respondent,**

v.

**Wayne Kent McCLURE, Petitioner.**

**No. 1 CA–CR 96–0162 PR.**

Court of Appeals of Arizona,
Division 1, Department A.

Feb. 18, 1997.

Review Denied June 24, 1997.

Richard M. Romley, Maricopa County Attorney by Kevin Maricle, Deputy County Attorney, Phoenix, for Respondent.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for Petitioner.

OPINION

GRANT, Judge.

Petitioner Wayne Kent McClure, ("Defendant") seeks review of the trial court's dismissal of his Petition for Post–Conviction Relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. We grant review, but deny relief.

## FACTUAL AND PROCEDURAL BACKGROUND

A Maricopa County grand jury indicted Defendant in July 1993, for third degree burglary, theft, and trafficking in stolen property. Defendant entered into a plea agreement by which he pled guilty to Count I, burglary and Count II, theft. Count III, trafficking in stolen property, was dropped. The plea agreement stipulated that Defendant would receive the minimum four and five year sentences on the respective burglary and theft counts, to be served concurrently, "but consecutive to [a] federal sentence being served." The trial court accepted Defendant's guilty plea and sentenced him in accord with the plea agreement: four years imprisonment on Count I and five years imprisonment on Count II to be served concurrently with each other, but consecutive to the federal prison term Defendant was then serving.

At the time of his indictment on the Arizona charges, Defendant was incarcerated in a federal penitentiary for violating federal parole conditions. Defendant had been paroled after a 1987 conviction for bank robbery. The bank robbery conviction resulted in a seven-year federal prison sentence which commenced on January 8, 1987. In January 1993, while on parole from his federal prison sentence, Defendant committed burglary and theft in Scottsdale, giving rise to the charges and convictions in this case. After his arrest on a federal warrant, Defendant was committed, in February 1993, to a federal prison in Louisiana to serve 968 additional days of prison time. On July 19, 1994—while serving his 968 day sentence—the Maricopa County Sheriff's Office took temporary custody of Defendant pursuant to the Interstate Agreement on Detainers Act, and brought him to Arizona for trial on the Arizona charges. Defendant was in custody in the Maricopa County Jail for 136 days, from July 19, 1994, until his sentencing on December 2, 1994 (the "Arizona jail time").

Defendant's federal sentence did not expire until the day he was sentenced in this case. Although all of Defendant's Arizona jail time was credited against his federal sentence, he requested 136 days of presentence incarceration credit against his Arizona sentences for the Arizona jail time. The State argued that Defendant was not entitled to presentence incarceration credit because it would contravene the provision in the plea agreement stipulating that the Arizona sentences were to be served consecutively to the federal prison sentence. The trial court agreed with the State and refused to credit any of Defendant's Arizona jail time against his Arizona sentences.

Defendant sought post-conviction relief claiming that his sentence was unlawful because presentence incarceration credit was mandatory under Arizona Revised Statutes Annotated ("A.R.S.") section 13–709(B) and *State v. De Passquallo*, 140 Ariz. 228, 681 P.2d 380 (1984). The trial court dismissed the post-conviction relief petition after supplemental briefing by counsel and oral argument, setting forth its findings in a detailed minute entry order. Defendant then filed a petition for review by this court. We have jurisdiction pursuant to Rule 32.1(c), Arizona Rules of Criminal Procedure.

## DISCUSSION

■ Defendant asserts that his incarceration in the Maricopa County jail constitutes time "spent in custody pursuant to" the Arizona charges for purposes of A.R.S. section 13–709(B). He maintains that presentence incarceration credit for that time was mandatory under A.R.S. section 13–709(B), which provides that time spent in custody pursuant to the offense charged "*shall* be credited against the term of imprisonment otherwise provided for" in the Arizona Criminal Code (emphasis added). Defendant relies on the following passage from *De Passquallo*:

From January 26, 1982 to June 28, 1982, petitioner was in custody for purposes of A.R.S. § 13–709(B). It is true that while in the Maricopa County Jail he was receiving credit against his federal sentence, but we find this to be irrelevant. Petitioner was in jail in Arizona to stand trial for the crimes he committed in Arizona, and is entitled to credit against his Arizona sentence for this presentence custody.

140 Ariz. at 229, 681 P.2d at 381.

As in this case, the defendant in *De Passquallo* was serving a sentence in a federal

facility when Arizona officials took custody of him pursuant to a notice of detainer so that the defendant could stand trial on Arizona charges. After entering a guilty plea, the defendant in *De Passquallo* argued that he was "in custody pursuant to" the Arizona charges from the time the detainer was lodged on October 13, 1981, even though the federal correctional facility did not release him to Arizona authorities until January 26, 1982. The supreme court found that the defendant was not entitled to credit against his Arizona sentence for any of the time served in federal prison, but that he was entitled to credit for time served in Arizona after he was turned over to Arizona authorities, even though he was receiving credit against his federal offense. 140 Ariz. at 229, 681 P.2d at 381.

We accept Defendant's contention that his 136 days of Arizona jail time was time in custody pursuant to the Arizona charges. If the Arizona sentences ran concurrently with the federal sentence, or if the plea agreement and sentencing order neglected to address the federal sentence, then credit granted by the *federal* court against the *federal* sentence for time served in Arizona would be irrelevant. However, this case differs significantly from *De Passquallo* because both the plea agreement and sentencing order required that the Arizona sentences be served consecutively to the federal sentence.

Defendant is seeking credit for time already credited against his federal sentence against a consecutive Arizona sentence. This is the "double credit windfall" we deemed impermissible in *State v. Cuen*, 158 Ariz. 86, 87, 761 P.2d 160, 161 (App.1988) (Court may not give double credit for presentence time served when consecutive sentences are imposed.). The state is correct in asserting that such double credit would violate the provision in the plea agreement requiring Defendant to serve his Arizona sentences consecutively to his federal sentence. Time credited against both the state and federal sentences would be time served concurrently. *State v. Burchett*, 107 Ariz. 185, 188, 484 P.2d 181, 184 (1971) ("The service of a sentence made consecutive to another does not begin until the other has been satisfied. When consecutive sentences are imposed, the subsequent sentence commences at the expiration of the prior sentence or sentences.").

■ When consecutive sentences are imposed, a defendant is not entitled to presentence incarceration credit on more than one of those sentences, even if the defendant was in custody pursuant to *all* of the underlying charges prior to trial. *See Cuen*, 158 Ariz. at 88, 761 P.2d at 162; *State v. Jackson*, 170 Ariz. 89, 94, 821 P.2d 1374, 1379 (App.1991). It is irrelevant whether one of the consecutive sentences was federal, or whether the time credited against one of the sentences was served in-state or out-of-state. *See State v. Mahler*, 128 Ariz. 429, 430, 626 P.2d 593, 594 (1981) (in requiring credit for time served pursuant to an Arizona offense, "[t]he statute makes no distinction between out-of-state and in-state custody"). This is also the approach federal courts take under analogous circumstances. *United States v. Von-Willie*, 59 F.3d 922, 930–31 (9th Cir.1995) (United States District Court properly refused to credit federal defendant's time in custody pursuant to federal writ when that time had been credited against a state sentence, and federal sentence was ordered to run consecutively to that state sentence; the presentence incarceration credit was properly credited to defendant's total term of incarceration.). Defendant's sentence satisfied A.R.S. section 13–709(B) because he received credit for his Arizona jail time against his *total* sentence. *See VonWillie*, 59 F.3d at 930.

Defendant also argues that presentence incarceration time must be credited against his Arizona sentence because he did not (and legally cannot) waive his incarceration credit. The trial court found that Defendant bargained for minimum, concurrent state sentences in exchange for serving those sentences consecutively to his federal sentence. That bargain is precisely what he received. Having bargained away the possibility of receiving state sentences concurrent with his federal sentence, Defendant had nothing left to waive in terms of incarceration credit.

## CONCLUSION

The trial court correctly concluded that the post-conviction relief petition did not present a colorable claim. Accordingly, we deny relief.

TOCI and RYAN, JJ., concur.