NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN RICARDO VALLEJO, *Appellant.*

No. 1 CA-CR 14-0677
No. 1 CA-CR 15-0398
(Consolidated)
FILED 6-7-2016

---

Appeal from the Superior Court in Maricopa County
Nos. CR2014-100568-001 and CR2013107817-001
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Louise Stark
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

¶1        Steven Ricardo Vallejo appeals from his convictions and sentences for unlawful use of means of transportation and misconduct involving weapons.    For reasons that follow, we affirm Vallejo's convictions, and we affirm his sentences as modified to reflect credit for presentence incarceration.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        One evening in January 2014, an Arizona Department of Public Safety officer conducted a license plate check on a red sedan.  The car had been reported stolen, so the officer pulled up behind it as it stopped at a traffic light.  The officer saw the passenger switch places with the driver, and the car then rapidly accelerated onto the freeway.  The officer activated his siren and followed, but the driver attempted to evade the officer (and others who joined as backup), eventually exiting the freeway, driving through an abandoned industrial park, and finally crashing into an on-ramp median wall.  Talia Quezada got out of the driver's side of the car and was arrested.  Several minutes later, Vallejo got out of the passenger side of the car and was also arrested.

¶3        Quezada asked an officer to retrieve a cell phone from her purse so she could contact someone.  When she unlocked the phone, the officer saw a photo of a black semi-automatic handgun.  An additional photo showed the gun surrounded by cash and a blue bandana, and another photo showed Vallejo holding the cash and the blue bandana.  After the car was loaded onto a tow truck, another officer discovered a black semi-automatic handgun approximately 10 to 15 feet behind where the car had stopped.  Vallejo told officers that he shared the cell phone with Quezada, but he denied that the gun belonged to him.

¶4        Vallejo was charged with theft of means of transportation and misconduct involving weapons, and following a jury trial, he was convicted of the lesser-included offense of unlawful use of means of transportation

2

and of misconduct involving weapons. The jury also found that Vallejo committed the crimes while on probation from a 2013 conviction.

¶5 The superior court sentenced Vallejo to 3.5 years' imprisonment for the unlawful use of means of transportation conviction, and to a concurrent 4.5 year term for the misconduct involving weapons conviction, with 251 days of presentence incarceration credit. The court revoked Vallejo's probation and sentenced him to 3.5 years' imprisonment, to run consecutively to the sentences for the 2014 convictions. Vallejo timely appealed the 2014 convictions, and with authorization from the superior court, filed a delayed appeal from the probation revocation. We have jurisdiction under Arizona Revised Statues ("A.R.S.") § 13-4033.[1]

## DISCUSSION

### I. Severance.

¶6 Before trial, Vallejo filed a motion to sever the theft of means of transportation charge from the weapons misconduct charge. The court denied the motion, and Vallejo renewed the motion at trial before the close of evidence.[2] *See* Ariz. R. Crim. P. 13.4(c). Vallejo argues on appeal that the superior court abused its discretion by denying the severance request, and that he is entitled to a new trial on the theft charge. We review the denial of a severance motion for abuse of discretion, and we will reverse based on this issue only if the defendant shows "compelling prejudice against which the trial court was unable to protect." *State v. Murray*, 184 Ariz. 9, 25 (1995) (quoting *State v. Cruz*, 137 Ariz. 541, 544 (1983)). Here, Vallejo's claim fails because he has not shown compelling prejudice.

¶7 Under Rule 13.3(a), charges may be joined if the separate crimes "arise from a series of connected acts and are provable by overlapping evidence." *State v. Burns*, 237 Ariz. 1, 14, ¶ 32 (2015). But under Rule 13.4(a), a motion to sever must be granted if "necessary to promote a fair determination of the guilt or innocence of any defendant of any offense." *Id.* at ¶ 31 (quoting Ariz. R. Crim. P. 13.4(a)).

---

[1] Absent material revisions after the relevant date, we cite a statute's current version.

[2] The State asserts that Vallejo failed to renew the severance motion at trial, and that we should thus review the issue for fundamental error only. *See State v. Laird*, 186 Ariz. 203, 206 (1996). The record shows, however, that Vallejo renewed his severance motion at trial.

¶8          In *Burns*, the Arizona Supreme Court found that the failure to sever a weapons misconduct charge from sexual assault, kidnapping, and murder charges was an abuse of discretion, but did not result in reversible error. *Id.* at 14–15, ¶¶ 33, 36, 38.  The court noted that "[b]ut for joinder of the misconduct-involving-weapons charge, the evidence of Burns' prior felony convictions would not have been admissible during the guilt phase," and that although his "possession of the murder weapon was cross-admissible for the murder and the weapons charge, his prior conviction was not and its admission created a serious risk of prejudice." *Id.* at 14, ¶¶ 35–36.  The court found the error to be harmless, however, because (1) evidence of guilt was overwhelming, (2) the State did not emphasize the prior conviction during closing argument, and (3) the jury was correctly instructed as to how the evidence could be considered. *See id.* at 15, ¶ 38.

¶9          In the instant case, we similarly conclude that the superior court abused its discretion by failing to sever the charges.  Without the weapons misconduct charge, the jury considering the theft charge would not have been aware of Vallejo's prior felony conviction, and presenting evidence of such a conviction created a serious risk of prejudice.

¶10          Nevertheless, as in *Burns*, we conclude that the error in this case was harmless.  The State did not emphasize Vallejo's prior conviction during closing argument, and the jury was correctly instructed as to how the evidence could be considered.  And significantly, the jurors acquitted Vallejo of theft of means of transportation and instead convicted him of the lesser-included offense of unlawful use of means of transportation, which only required proof that Vallejo (without intent to permanently deprive) "[k]nowingly [took] unauthorized control" over another's vehicle or was knowingly "transported or physically located in a vehicle that the person knows or has reason to know is in the unlawful possession of another." *See* A.R.S. § 13-1803(A).   The evidence supporting that conviction was overwhelming in light of testimony that Vallejo was driving, then was a passenger in, a stolen car, with no reasonable explanation for how he and Quezada obtained the vehicle.  Accordingly, because the erroneous failure to sever the charges was harmless, we affirm the convictions.

## II.     Presentence Incarceration Credit.

¶11          Vallejo argues that the court erred by denying him presentence incarceration credit for the sentence imposed for his 2013 conviction.  The State concedes that Vallejo is entitled to 173 days of presentence incarceration credit for that sentence.

¶12 A defendant is entitled to credit for "[a]ll time actually spent in custody pursuant to an offense." A.R.S. § 13-712(B). Although a defendant is generally not awarded presentence incarceration credit for a consecutive sentence when the time spent in custody was for multiple crimes that lead to a mix of consecutive and concurrent sentences, *see State v. McClure*, 189 Ariz. 55, 57 (App. 1997), here Vallejo was in custody for 173 days prior to committing the 2014 offenses (and his sentences for the 2014 convictions do not include credit for these 173 days).[3] Accordingly, his time in custody before committing the 2014 offenses should be credited against the time to be served for the 2013 conviction. We thus modify Vallejo's sentence to reflect the 173 days of presentence incarceration credit for his sentence for his 2013 conviction.

**CONCLUSION**

¶13 For the foregoing reasons, we affirm Vallejo's convictions and sentences as modified.



Ruth A. Willingham · Clerk of the Court
FILED: AA

---

[3] Vallejo was in custody for one day on February 21, 2013, 58 days from April 18 to June 14, and 114 days from August 30 to December 21, for a total of 173 days.

5