NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANGEL FLORES, *Appellant*.

No. 1 CA-CR 16-0142
FILED 4-13-2017

Appeal from the Superior Court in Maricopa County
No.  CR 2014-142613-001
The Honorable James R. Rummage, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

¶1        This appeal was timely filed in accordance with *Anders v. California*, 368 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Defendant's counsel searched the entire record on appeal and was unable to find any arguable questions of law.  Counsel subsequently filed a brief requesting this court conduct an *Anders* review of the record for fundamental error.

¶2        Defendant also filed a supplemental brief in which he raised the following issues: 1) whether the trial court violated his right to a speedy trial when it excluded time on a continuance granted by another judge, and 2) whether the trial court erred in denying his motion for acquittal relating to the charges of sexual assault.

¶3        After searching the record for fundamental error and considering the issues raised in defendant's supplemental brief, we conclude there is no fundamental error.  Therefore, we affirm defendant's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶4        The victim, J.K., was an eighty-nine-year old woman at the time of the subject incident.  She lived alone.  One morning in April 2013, she was woken by someone ringing her doorbell "like an alarm."  She rushed to the door without turning on the lights.  Once at the door, J.K. asked who was there.  A man's voice responded claiming to be J.K.'s neighbor.  She didn't recognize the voice, so she cracked open the door to hear better.  The man pushed the door back with J.K. behind it, knocking her against the wall.

¶5        The man pushed his way into J.K.'s home and covered her mouth.  He said if she was quiet, he would not hurt her.  J.K. thought the man was there to rob her; she told him if he wanted money it was in her purse.  The man told J.K. he did not want money.  Instead, he said, "[I'm] going to fuck [you]."  J.K. fought to get away, but he threw her into a nearby

chair. He grabbed her arms, put them above her head, and yanked off her pajama bottoms and panties. J.K. was "twisting and turning and begging him to leave [her] alone." J.K. heard the man unzip his pants, but in the dark she never saw his penis. The man attempted to put his penis in J.K.'s vagina, but was unsuccessful.

¶6        The man lifted J.K. from the chair and pushed her to the ground. J.K. landed on her side and tried to crawl away. The man grabbed J.K.'s waist from behind and once again attempted to put his penis in her vagina. J.K. testified that she could feel his penis in her vaginal area, but he was unable to actually insert his penis into her vagina. He then shoved J.K.'s head into the ground, stood up, and walked out of the house.

¶7        Defendant was arrested in September 2014 after DNA analysis placed him at the crime scene.[1] The state charged defendant with burglary in the second degree, a class three felony (count one); kidnapping, a class two felony (count two); and two counts of sexual assault, both class two felonies (count three and four).

¶8        After a jury trial, defendant was convicted as charged. Prior to sentencing, the defendant "knowingly, intelligently, and voluntarily" admitted that he was on probation for a prior felony at the time of the offense, and he agreed to the aggravating factor that the victim was 65 or more years of age at the time of the offense. The trial court sentenced defendant to presumptive terms of 6.5 years for count one, 9.25 years for count two, 10.5 years for count three, and 10.5 years for count four. The court ordered the sentences for counts one, two, and three to run concurrently and credited each sentence with 534 days of presentence incarceration credit. The sentence for count four was ordered to run consecutively to the sentence for count three. Defendant was not given any credit towards count four's term.[2]

---

[1]        Shortly after defendant's arrest, a court ordered defendant's girlfriend to provide her DNA to the police. The girlfriend's DNA matched the unknown female's DNA found on J.K.'s shirt and underwear.

[2]        "When consecutive sentences are imposed, a defendant is not entitled to presentence incarceration credit on more than one of those sentences, even if the defendant was in custody pursuant to all of the underlying charges prior to trial." *See State v. McClure*, 189 Ariz. 55, 57, 938 P.2d 104, 106 (App. 1997). Count three and four are distinct charges because

**DISCUSSION**

### 1. Speedy Trial

**¶9**        In his supplemental brief, defendant asserts the trial court violated his right to a speedy trial under Arizona Rules of Criminal Procedure Rule 8 and the United States and Arizona Constitutions. *See* U.S. Const. amend VI; Ariz. Const. art. 2, § 24. We disagree.[3]

**¶10**        In the absence of excludable time, Rule 8.2 (3)(iii) required defendant be brought to trial within 270 days from the time of his arraignment on September 22, 2014. However, there were multiple continuances granted throughout the pretrial stage that pushed the last day to start to October 12, 2015. Defendant does not contend these were in error. Instead, defendant argues the judge presiding over his case at trial erred by *nunc pro tunc* excluding eleven days not previously excluded by the judge granting one of several motions to continue, which pushed the last day to start to October 23, 2015.

**¶11**        Although defendant did not express consent to this exclusion, his counsel did not object and acknowledged it was preferable to reassignment. "[D]elays agreed to by defense counsel are binding on a defendant, even if made without the defendant's consent." *State v. Spreitz*, 190 Ariz. 129, 139, 945 P.2d 1260, 1269 (1997) (citations omitted). Furthermore, Rule 8.2 is a procedural right, not a fundamental one. *Id.* at 139, 945 P.2d at 1270 (1997) (citation omitted). The defendant may not allow the trial to continue to verdict and sentencing before claiming the need for reversal because of a speedy trial violation. *Id.* at 139, 945 P.2d at 1270.

**¶12**        Even if we were to assume defendant's right to a speedy trial under Rule 8.2 was violated, he would not be entitled to relief because he has not demonstrated he was prejudiced by the delay. *See State v. Vasko*, 193 Ariz. 142, 147, ¶¶ 20-22, 971 P.2d 189, 194 (App. 1998). Prejudice is demonstrated if the defendant proves his defense was harmed by the delay. *Id.* at ¶ 22. Defendant asserts his defense was hampered by the delay because by the time of trial, the victim was "ninety-years-old" with

---

count three was for the frontal assault and count four was from the back, but their elements are the same.

[3]        We focus on the alleged Rule 8 violation in this case as Rule 8 is more restrictive than the constitutional right to a speedy trial. *State v. Spreitz*, 190 Ariz. 129, 136, 945 P.2d 1260, 1267 (1997).

deteriorating health and memory of the event. However, J.K. was deposed, and the deposition recorded, almost a year before trial because of the concern she would not be competent to testify. Accordingly, defendant has not proven his defense was prejudiced by the delay.

## 2. Sufficiency of the Evidence

**¶13** Defendant also contends that the evidence presented at trial did not support the sexual assault charges (counts three and four)[4]. In the motion for acquittal, defendant argued there was no evidence of sexual intercourse because there was insufficient evidence of penetration.

**¶14** When reviewing a denial of a motion for acquittal pursuant to Arizona Rule of Criminal Procedure 20, "we view the evidence in the light most favorable to sustaining the verdict and reverse only if no substantial evidence supports the conviction. Substantial evidence ... is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Pena,* 209 Ariz. 503, 505, ¶ 7, 104 P.3d 873, 875 (App. 2005) (internal quotations and citations omitted).

**¶15** Sexual intercourse is statutorily defined as "penetration into the . . . vulva . . . by any part of the body or by any object or masturbatory contact with the penis or vulva." Ariz. Rev. Stat. (A.R.S.) § 13-1401 (2010)[5]. Penetration does not mean full insertion of the penis into the vagina, only the "slightest penetration of the vulva" needs to be shown. *See State v. Torres*, 105 Ariz. 361, 363, 464 P.2d 953, 955 (1970) (discussing the penetration element in the context of a rape charge) (internal citation omitted). Evidence of penetration includes lacerations or bruises. *Id.* at 362, 464 P.2d at 954.

**¶16** The forensic nurse who examined J.K. identified over thirty injuries on J.K.'s body including lacerations on her labia, abrasions near her "hymen/vaginal opening area," and bruising on her inner labia majora. The nurse testified that to get these injuries, something "would had to have crossed the plane of the external lips." In response to a jury question, the nurse stated "I don't specify what penetrated her. So it is still evidence of

---

[4] Pursuant to A.R.S. § 13-1406 (2010), "a person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual content with any person without consent of such person."

[5] Absent material changes, we cite to the current version of the statute.

a penetration." Therefore, the evidence presented at trial was sufficient to establish that J.K. had been penetrated.

¶17 The record as a whole reflects that defendant received a fair trial. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Defendant was present and represented by counsel at all critical stages of the proceedings, including the verdict and sentencing. The court properly instructed the jury of the state's burden of proof to demonstrate all elements for the charged offenses, and stressed the necessity of a unanimous verdict. Most importantly, the evidence presented was sufficient to support the verdicts and the imposed sentences. We thus find no fundamental error and affirm defendant's convictions and sentences.

## CONCLUSION

¶18 Following the filing of this decision, counsel shall inform defendant of the appeal's status and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Defendant has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA