NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBIN JOY FAHR, *Petitioner*.

No. 1 CA-CR 15-0744 PRPC
FILED 5-2-2017

Petition for Review from the Superior Court in Yavapai County
No. V1300CR2011-80486
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Camp Verde
By Patti Marie Wortman
*Counsel for Respondent*

David I. Goldberg Attorney at Law, Fort Collins, CO
By David I. Goldberg
*Counsel for Petitioner*

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

**B E E N E**, Judge:

¶1 Robin Joy Fahr petitions this Court for review from the dismissal of her petition for post-conviction relief. In 2014, Fahr pleaded guilty and agreed to a minimum term of imprisonment of no less than 10.5 years.[1] The superior court sentenced Fahr to an aggregate term of fifteen years' incarceration which was to be served consecutively to a term of imprisonment Fahr was serving on a Pima County case. Fahr sought post-conviction relief claiming that her plea was not knowing, intelligent, and voluntary, that she was not given full credit for time served, that trial counsel was ineffective, and that the monies taken from her Department of Corrections account were excessive due to her disability. The superior court dismissed all but one narrow issue contained in the petition for post-conviction relief and set the matter for an evidentiary hearing. At the evidentiary hearing, the superior court held a discussion with Fahr advising her of the possible outcomes if she were to prevail on her claim of ineffective assistance of counsel; that trial counsel promised her a sentence of no more than 10.5 years' imprisonment. The court granted a recess for Fahr and trial counsel to discuss the information provided by the court. Fahr advised the court that she did not wish to pursue the claim, and the court vacated the evidentiary hearing.

¶2 On review, Fahr re-urges only the issues of additional presentence incarceration credit and ineffective assistance of counsel for failing to marshal and present substantial additional mitigating evidence and evidence to prove that Fahr was entitled to concurrent prison terms

---

[1] Fahr had two open criminal cases in Yavapai County: Cause numbers V1300CR201180486 and V1300CR201280089. There were two separate plea agreements but the change of plea hearing and sentencing occurred for both causes at the same time. The superior court ordered that the sentences for cause number V1300CR201280089 be served consecutively to the sentences for cause number V1300CR201180486.

and additional incarceration credit. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶3        First, Fahr claims that she is entitled to an additional 344 days' presence credit. At sentencing, the trial court ordered that Fahr be credited with 522 days for time served. However, based on the time she was held in the Pima County detention center beginning on February 7, 2012, Fahr claims that she is entitled to 866 days' credit. The record reflects that Yavapai County issued a warrant for Fahr's arrest on October 19, 2011. She was booked in Pima County, on Pima County charges on February 7, 2012. On January 7, 2013, Yavapai County Superior Court ordered the transportation of Fahr from the Arizona Department of Corrections to the Yavapai County jail to be held in custody there until the final disposition of the Yavapai County causes. The Yavapai County Superior Court did not advise Fahr of the charges pending against her until January 18, 2013.

¶4        Fahr is not entitled to credit for time spent in Pima County. While the record does indicate that there was a hold on her release pursuant to the warrant, she was detained in Pima County on criminal charges pending in the Pima County Superior Court. Fahr's subsequent release to the Department of Corrections was also pursuant to the Pima County Superior Court's imposition of a prison sentence. Fahr seeks credit for time served against a Yavapai County sentence which was already credited against her Pima County sentence. This "double credit windfall" is impermissible. *State v. McClure*, 189 Ariz. 55, 57 (App. 1997). A court may not give multiple credit against later consecutive sentences. *State v. Cuen*, 158 Ariz. 86, 88 (App. 1988).

¶5        Second, Fahr claims that her trial counsel was ineffective because he failed to present substantial, additional mitigating evidence, and failed to present evidence proving that Fahr was entitled to concurrent prison terms and additional presence incarceration credit. Having addressed the issue of additional presence incarceration credit above, we need not address it again. The record reflects that Fahr was sentenced on two separate causes arising from conduct which occurred on multiple dates with two listed victims. Fahr pled to each count as a repetitive offense and avowed to having three prior felony convictions. Trial counsel requested the court to order a competency evaluation of Fahr pursuant to Rule 26.5. At sentencing, trial counsel argued that Fahr's conduct was a continuing process, raised the issue of Fahr's mental capacity, and pointed out that Fahr was unsophisticated "in the art of fraud." Trial counsel advocated for the minimum sentence of 10.5 years, requested 866 days' presence incarceration credit and argued that fifteen years was excessive

considering the nature of the crime, Fahr's mental and physical conditions, and Fahr's age. The court considered the presentence report, the State's recommendation, the psychiatrist's report, and weighed the aggravators and mitigators.

**¶6** To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). Further, to succeed on a Sixth Amendment claim of ineffective assistance of counsel, defendant must show that there is a "reasonable probability," which is a probability sufficient to undermine confidence in the outcome, that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694–95. Fahr fails to show deficient performance by trial counsel. Trial counsel advocated for minimum and concurrent sentences based on several arguments and requested additional days' credit. Fahr fails to present any evidence that further arguments advanced by trial counsel would have resulted in more favorable sentences. Fahr's claim of prejudice is merely speculative and unfounded in fact or law. Neither prong of the *Strickland* test has been satisfied.

**¶7** We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA