NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DERRICK TONEY, *Appellant.*

No. 1 CA-CR 18-0661
FILED 10-31-2019

Appeal from the Superior Court in Navajo County
No. S0900CR201600484
The Honorable David J. Martin, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By William Scott Simon
*Counsel for Appellee*

Law Office of Elizabeth M. Hale, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Kent E. Cattani joined.

---

**W I N T H R O P**, Judge:

¶1  Derrick Toney ("Appellant") appeals from his convictions and sentences for five counts of aggravated assault, one count of disorderly conduct with a weapon, and one count of threatening and intimidation. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY[1]**

¶2  One day in July 2016, K.A. was talking to Z.R., J.S., and M.N. outside K.A.'s home in Snowflake when a car driven by Andre Duran went speeding by. K.A. yelled at Duran to slow down, and Duran slammed on the brakes and returned to K.A.'s house. Duran jumped out of the car and got into an argument with K.A. Duran stated that he would be back with "his boys." Subsequently, K.A.'s neighbor T.N., a Navajo County Deputy Attorney, arrived at K.A.'s house.

¶3  Not long after, Duran returned with Appellant and Gary Lupe. Appellant, who appeared agitated, jumped out of the car with a tire iron in hand and approached K.A., Z.R., J.S., M.N., and T.N. in a threatening manner. Appellant threatened to "rough up" or "f*** up" the men. K.A. pulled out a gun and told Appellant that if he took another step onto his property, he would shoot. The men exchanged trash talk, and Appellant stated, "You want to play guns? We'll play guns. Get the AK." Two more of K.A.'s neighbors, A.D. and S.D., who were driving by, witnessed the exchange and decided to stop and see what was happening. Appellant, Duran, and Lupe jumped into the car and sped off. M.N. called the police.

¶4  A.D. and S.D. decided to follow the three men, hoping to diffuse the situation. They lost sight of the car but caught up with the men at Lupe's grandmother's house. Appellant was very upset and angry, and he repeatedly stated that he was going to go back and shoot the people at

---

[1]  We view the facts in the light most favorable to upholding the jury's verdicts. *State v. Stroud*, 209 Ariz. 410, 412, ¶ 6 (2005).

K.A.'s house.  After speaking with A.D., Lupe decided not to go back to K.A.'s house.  Appellant and Duran, however, jumped into the car and sped back to K.A.'s house, where they were intercepted by police and arrested.

¶5          In August 2016, a Navajo County grand jury indicted Appellant on six counts of aggravated assault, dangerous class 3 felonies, one count of misconduct involving weapons, a class 4 felony, and one count of threatening and intimidating, a class 1 misdemeanor.[2]  In September 2016, Appellant filed a motion to continue a case management conference set for September 21, 2016.  In the motion, Appellant informed the court that he intended to file a motion to remove the Navajo County Attorney's Office ("NCAO") due to a conflict of interest.  The court granted the continuance and ordered Appellant to file his conflict of interest motion by October 14, 2016.  He did so, and NCAO agreed to transfer the case to the Coconino County Attorney's Office before the court entered its ruling on the motion.

¶6          A jury convicted Appellant of five counts of aggravated assault, one count of disorderly conduct with a weapon, and one count of threatening and intimidation. The trial court sentenced him to presumptive terms of 11.25 years in prison on counts one, three, four, five, and six, the presumptive term of 3.75 years in prison on count two, and six months in jail on count nine, to run concurrently, and gave him credit for 765 days of presentence incarceration.  Appellant timely appealed.  We have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A).

**ANALYSIS**

¶7          Appellant raises two issues on appeal: (1) whether his due process rights were violated because NCAO "refused to recuse itself," and (2) whether the trial court abused its discretion and denied Appellant a fair trial by excluding relevant evidence.

       I.       *Timing of NCAO's Recusal*

¶8          Appellant first argues that NCAO should have recused itself prior to his motion requesting the recusal.  He argues that because Navajo County initially brought the charges against him, the "taint of the conflict" remained even after NCAO transferred the case to the Coconino County

---

[2]      The aggravated assault charged in Count 3 of the indictment was specific as to T.N., and he was listed as a victim in the State's initial disclosure.

Attorney's Office. According to Appellant, there is no way to ascertain whether he would have been charged in the same way had a neutral office been involved at the start of the case and argues that the "entire process was fundamentally unfair."

**¶9**        "It is within the prosecutor's discretion to determine whether to file charges and which charges to file." *State v. Rodriguez*, 158 Ariz. 69, 70 (App. 1988). "It would be inappropriate . . . to encroach on reasonable prosecutorial discretion, absent a clear indication of misconduct." *State v. White*, 194 Ariz. 344, 354, ¶ 42 (1999).

**¶10**        We find no due process violation. Once the Coconino County Attorney's Office assumed prosecution of the case, it had discretion to continue to pursue the same charges or to seek an indictment on different charges. It chose the former. Regardless, T.N. did not participate in the charging of the case. Although NCAO presented the charges, a neutral and independent Navajo County grand jury returned the indictment against Appellant after determining that the charges were supported by probable cause. The charges were brought on behalf of the State, not the County, and we will presume they were brought in good faith. Appellant has not demonstrated that the bringing of charges was retaliatory in any respect. Nor has Appellant shown that the charges were unsupported under the law. Moreover, if Appellant thought that there was a problem with the grand jury indictment, he should have raised it after the indictment was returned and asked for a redetermination of probable cause by a Coconino County grand jury. Unless asserted in a motion to remand for redetermination of probable cause, such challenges are waived. *See* Ariz. R. Crim. P. 12.9. Further, the jury's verdicts of guilty beyond a reasonable doubt contradicts an assertion that the charging decision was unfair. Appellant's argument that his trial in Navajo County was fundamentally unfair because NCAO initially charged the case is based on speculation, and there is no indication in the subsequent record that he did not receive a fair trial.

## II.        *Appellant's Precluded Testimony*

**¶11**        Appellant next argues that the trial court erred and violated his constitutional rights by precluding his proposed testimony that he believed that K.A.'s house "was a drug house or was used for illicit activities." At trial, Appellant testified that when they were pulling up to KA's house, he recognized the house and "knew it was a bad place, bad house." The State objected on the basis that the testimony was irrelevant, and the court struck the testimony. Defense counsel warned Appellant,

4

"Don't go there. It's not relevant." Appellant later testified, "I only grabbed [the tire iron] for my safety because of what I know about the place." The State objected and the court struck the testimony. Appellant's testimony that the victims "look[ed] suspicious" and that he grabbed the tire iron because he thought K.A. was carrying a gun came in without objection, and the trial court subsequently gave the jury Appellant's requested justification instructions.

¶12        "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Ariz. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Ariz. R. Evid. 403. We review the trial court's rulings on the admissibility of evidence for a clear abuse of discretion. *State v. King*, 213 Ariz. 632, 635, ¶ 7 (App. 2006).

¶13        Appellant argues that the trial court abused its discretion by excluding the testimony, asserting that his state of mind was relevant regarding whether he grabbed the tire iron out of self-defense rather than to place the others in fear of being harmed. He acknowledges that his testimony that K.A.'s house was a drug house was prejudicial, but he argues that it was not so prejudicial that it outweighed the probative value of the testimony because it explained why he grabbed the tire iron.

¶14        We find no abuse of discretion. Appellant testified that he armed himself with the tire iron because the victims were "suspicious" and K.A. was armed, and the court instructed the jury on self-defense. Whether Appellant also believed that K.A.'s house was a "bad place" or a drug house had little additional relevance and would have injected unfairly prejudicial information in the case. Thus, the trial court did not clearly abuse its discretion by excluding the testimony.

¶15        Furthermore, even if there was error, it was harmless. The evidence showed that Appellant jumped out of Duran's car brandishing a tire iron and threatened to hurt the victims. Even after leaving the scene, Appellant expressed that he wanted to return to the house and shoot the victims. The fact that Appellant voluntarily returned somewhere he allegedly believed to be a "bad place" undermines his assertion that his belief regarding potential illicit activity at K.A.'s house was important to his decision to return or to his defense to the charged offenses. The testimony and evidence overwhelmingly supported the verdicts. *See State*

*v. Williams*, 133 Ariz. 220, 225 (1982) ("The test for determining harmless error is 'whether there was reasonable probability . . . that a verdict might have been different had the error not been committed.'") (quoting *State v. McVay*, 127 Ariz. 450, 453 (1980)).

**CONCLUSION**

¶16 For the foregoing reasons, Appellant's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA