640 P.2d 207

**STATE of Arizona, Appellee,**

v.

**Tod John ROSU, Appellant.**

**No. 1 CA–CR 5181.**

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 31, 1981.

277 of M at top

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., and Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Judge.

In this appeal we must determine if the trial court erred in failing to credit the defendant with all time he had served in the Maricopa County jail prior to sentencing.

On May 17, 1979, the appellant/defendant, Tod John Rosu, was adjudged guilty of arson of an unoccupied structure, a class 4 felony (A.R.S. § 13–1703), and he was placed on probation for a period of four years. The defendant served 78 days in the jail prior to his release on probation.

On September 25, 1979, the defendant's adult probation officer filed the first petition to revoke his probation. The defendant admitted the alleged violations and he was reinstated on probation with imposition of an additional term of probation that he serve six months in the Maricopa County jail. The defendant obtained some double-time credit [1] during this jail term and was released before he had served the six calendar months in jail. Of the six months, the

defendant actually served a total of 113 days in jail.

The defendant was arrested on January 16, 1981 and a second petition to revoke probation was filed. He admitted the violations of probation and on February 13, 1981, the court revoked his probation and sentenced him to four years in prison. Defendant spent 29 days in custody from January 16, 1981 until February 13, 1981. The trial court gave him credit for 67 days of presentence incarceration.

The defendant alleges he was entitled to a credit for 287 days of presentence incarceration rather than the 67 days granted by the court.

The state agrees that the court erred in crediting the defendant with only 67 days of presentence incarceration but alleges the defendant is entitled to only 220 days total credit rather than the 287 days as claimed by the defendant.

The sole issue before this court is whether the defendant is entitled to credit against the sentence imposed for those good-time credits earned by defendant but not actually spent in custody. The defendant argues that he was required to work for the good-time credits and that he should be given credit for them as well as for the days actually spent in custody.

The state argues that the defendant is not entitled to the good-time credits since, pursuant to the language of A.R.S. § 13–709(B), a defendant is only entitled to credit on his sentence for "time actually spent in custody". A.R.S. § 13–709(B) reads:

All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.

We agree with the state's position and find that the defendant's sentence should not be credited with the days earned as good-time credits. By the express terms of the statute, the defendant was only entitled

---

1. Although the particular statute has not been cited to this court, it appears that the defendant

earned double-time credit pursuant to A.R.S. § 31–144.

to credit for the 220 days which is the time "actually spent in custody" under the original charge.[2]

Pursuant to the authority granted this court by A.R.S. §§ 13–4036 and 13–4037, the sentence as imposed is modified to give the defendant an additional 153 days credit or a total credit of 220 days against the term of imprisonment imposed in this case.

CONTRERAS, P. J., and CORCORAN, J., concur.

---

**2.** For a recent case interpreting A.R.S. § 13–709(B) under different issues, see *State v. Mahler*, 128 Ariz. 429, 626 P.2d 593 (1981) (a defendant is entitled to credit for out-of-state custodial time).