761 P.2d 160

**STATE of Arizona, Appellant,**

v.

**Joe CUEN, Appellee.**

**No. 1 CA–CR 12020.**

Court of Appeals of Arizona,
Division 1, Department B.

July 12, 1988.

Review Denied Oct. 4, 1988.

Robert K. Corbin, Atty. Gen., by William J. Schafer III, Chief Counsel, Crim. Div., Mark F. Aceto, Asst. Atty. Gen., and Thomas E. Collins, Maricopa Co. Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellee.

## OPINION

EUBANK, Judge.

The question raised by the state in this appeal is: "[w]hen consecutive sentences are imposed, may the sentencing court give double credit for presentence time served?" We answer the state's question in the negative, and vacate the sentence and remand for resentencing.

The underlying facts of this case are set out more fully in our prior opinion, *State v. Cuen*, 153 Ariz. 382, 736 P.2d 1194 (App. 1987). Cuen was originally convicted on three counts: Count I, sexual abuse; Count II, sexual abuse; and Count III, theft of property of a value exceeding $1,000. The trial court had sentenced Cuen to consecutive, maximum, aggravated terms of 2.5 years, 2.5 years, and 10 years respectively. This court reversed the two sexual abuse convictions and remanded them for a new trial. We affirmed the theft conviction, but remanded it for resentencing. *Id.* at 385, 736 P.2d at 1197.

On July 24, 1987, the trial court resentenced Cuen on the theft charge, imposing an aggravated term of 7 years. The court credited Cuen's sentence with a total of 715 days, which included full credit for time served prior to the original sentencing as well as all time served between the original sentencing and the resentencing.

On September 22, 1987, Cuen having been found guilty after his second trial on the two sexual abuse counts, the trial court sentenced him to two consecutive, aggravated terms of 2.5 years, both to run consecutively to the theft sentence. The court credited Cuen's Count I sexual abuse sentence with 768 days presentence incarceration, even though the court knew Cuen had already received credit against his theft sentence for the full length of incarceration he had served.

THE COURT: Then when you were sentenced again by Judge Gottsfield just recently, I believe in 7-87, you were resentenced on the theft charge, which was Count III, is that correct?

THE DEFENDANT: (Nodding.)

THE COURT: In that you were given credit for the 700 and some days on Count III, is that correct?

THE DEFENDANT: That's right.

\*    \*    \*    \*    \*    \*

[I]t's the judgment and sentence of the Court that you be imprisoned for the aggravated term of 2.5 years on each one of those counts, on Count I and Count II. Both of these counts shall be consecutive to one another. They are also going to be—this will be somewhat confusing for the Department of Corrections, but they are going to be consecutive to Count III. So in other words, you are going to be doing your time on count III, and then you are going to be consecutively doing your time on Count I and then II.

Mr. Cuen, it's your lucky day, because I am going to be giving you credit for 768 days on Count I, which is what should have occurred, because when you are serving consecutive time you are getting credit for your first count before you go on to your second one and your third one. What's happened is, when Judge Gottsfield resentenced you on Count III you should not have been given that particular credit in my opinion, but Judge Gottsfield felt it was in his power to give you that credit, and so therefore you are going to be getting double credit.

It is this double credit windfall to Cuen that the state contends was error. We agree that Cuen was not entitled to double credit.

A.R.S. § 13-709 reads in part:

A. A sentence of imprisonment commences when sentence is imposed if the defendant is in custody or surrenders into custody at that time. Otherwise it commences when the defendant becomes actually in custody.

B. All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.

C. If a sentence of imprisonment is vacated and a new sentence is imposed

on the defendant for the same offense, the new sentence is calculated as if it had commenced at the time the vacated sentence was imposed, and all time served under the vacated sentence shall be credited against the new sentence.

The underlying constitutional rationale behind A.R.S. § 13–709, giving credit for presentence incarceration, is based upon equal protection:

> "[A] defendant, as a matter of equal protection, must be credited with presentence jail time when such time, if added to the maximum sentence imposed, will exceed the maximum statutory sentence." Defendants financially unable to make bail should not serve longer in custody through presentence incarceration than similarly sentenced defendants able to post bail.

*State v. Hamilton*, 153 Ariz. 244, 245, 735 P.2d 854, 855 (App.1987), quoting *State v. Warde*, 116 Ariz. 598, 600–601, 570 P.2d 766, 768–69 (1977), and citing *State v. Sutton*, 21 Ariz.App. 550, 521 P.2d 1008 (1974). However, once this requirement has been satisfied through the granting of a presentence incarceration credit, there is no additional constitutional purpose to be served by granting a second or "double credit" against a later consecutive sentence. *See State v. Salazar*, 24 Ariz.App. 472, 476, 539 P.2d 946, 950 (1975).

It is our opinion that the legislature, in enacting A.R.S. § 13–709(C), which requires a credit for time served pursuant to a *vacated* sentence, could not have intended that such a credit be given twice merely because separate consecutive sentences were imposed on different dates as the appropriate resentencing and new trials came to their chronological conclusions. While no prior case discusses the legislative intent behind A.R.S. § 13–709*(C)*, the cases are unanimous in denying double credit against consecutive sentences under A.R.S. § 13–709*(B):*

> Appellant argues that the language of A.R.S. § 13–709(B) is clear in that it requires that if time is spent in custody pursuant to a specific offense, it must be credited against that offense. We do not

believe, however, that the legislature intended that a criminal defendant would receive compounded credit time when consecutive sentences are imposed. Thus, we conclude that A.R.S. § 13–709(B) does not require that presentence incarceration credit must be given on each consecutive sentence imposed.

*State v. Sodders*, 130 Ariz. 23, 29–30, 633 P.2d 432, 438–39 (App.1981). *See also State v. Warde*, 116 Ariz. 598, 570 P.2d 766 (1977), and *State v. Cruz–Mata*, 138 Ariz. 370, 376, 674 P.2d 1368, 1374 (1983) (holding that where *concurrent* sentences are imposed, presentence incarceration should be credited to each sentence).

As can be seen above, A.R.S. § 13–709(C) is complementary to and is an extension of A.R.S. § 13–709(A) and (B). All three sections are in *pari materia* and should be interpreted together in a harmonious and consistent manner. *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970). Accordingly, we hold that while A.R.S. § 13–709(C) requires that credit for incarceration pursuant to a vacated sentence be given against a new sentence imposed after a former sentence was vacated, once such a credit is given, the statute does not require, and indeed, multiple credit should not be given against later consecutive sentences pertaining to the convicted person.

Since Cuen received credit for the aggregated 715 days of incarceration against his Count III theft sentence, he is not entitled to a double credit against the later-imposed sexual abuse sentences.

The sentences appealed from are vacated, and this matter is remanded for resentencing.

BROOKS, P.J., and KLEINSCHMIDT, J., concur.