834 P.2d 825

**STATE of Arizona, Appellee,**

v.

**Ronnie Christopher CHAVEZ, Appellant.**

**No. 1 CA–CR 91–459.**

Court of Appeals of Arizona,
Division 1, Department E.

June 25, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Chief Judge.

Appellant Ronnie Chavez (defendant), convicted of two crimes, was initially given probation and, as a condition, required to serve a term in jail. When probation was ultimately revoked, defendant was sentenced to consecutive prison terms and given credit against one, but not both, sentences for the probationary jail term he had served. We decide in this appeal that the trial court correctly denied defendant double credit for his probationary term.

### HISTORY

Defendant pled guilty in 1986 to theft (Count I) and attempted escape in the second degree (Count II), both class 6 undesignated offenses. The trial court accepted the plea, imposed three years of probation, and imposed a jail term of four months, eleven days (134 days), as a condition of probation.[1]

Probation was revoked in March 1991. A different judge designated both offenses

---

1. The plea agreement called for defendant to serve six months in jail as a term of probation with credit for jail time already served. While awaiting sentence, defendant had served 47 days

in jail. Defendant's 134–day probationary jail term was the product of crediting 47 days against six months.

felonies and imposed consecutive 1.5 year prison terms. By this time, defendant had accumulated 239 days of incarceration credit—47 before probation, 134 during probation, and 58 awaiting disposition after violating probation. The trial court credited these 239 days toward the first of defendant's sentences and gave no credit against the second.

## DISCUSSION

Defendant argues that the trial court erred by failing to credit his first 181 days of incarceration against both prison terms. In examining this argument, we distinguish defendant's 47–day pre-probationary term from his 134–day probationary term, as a different statute governs each.

### A. The First 47 Days:

Defendant's first 47 days in jail were served before he was placed on probation and resulted from his inability to post bail. Credit for these days is governed by Ariz. Rev.Stat.Ann. ("A.R.S.") § 13–709(B) (1989), as interpreted in *State v. Cruz–Mata*, 138 Ariz. 370, 674 P.2d 1368 (1983), and *State v. Cuen*, 158 Ariz. 86, 761 P.2d 160 (App.1988). Section 13–709(B) provides:

> All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.

*Cruz–Mata* and *Cuen* have interpreted this statute to permit such credit only once when consecutive sentences are imposed. *Cruz–Mata*, 138 Ariz. at 376, 674 P.2d at 1374; *Cuen*, 158 Ariz. at 87, 761 P.2d at 161.

A strict construction of the statute would have yielded a different result. According to the terms of section 13–709(B),

one's presentence custody *pursuant to an offense* must be credited against one's ultimate prison sentence *for such offense*. Although the drafters stated no exceptions, the *Cruz–Mata* and *Cuen* courts effectively wrote the following exception into the statute:

> However, if one's presentence custody is concurrently incurred pursuant to two or more offenses, and if one ultimately receives consecutive prison terms for those offenses, one's presentence custody shall be credited only against one sentence.

The *Cruz–Mata* and *Cuen* courts chose to interpret section 13–709(B) liberally rather than literally in order to avoid an unintended consequence that a literal reading would have entailed. The legislature surely did not intend a double credit and surely would have written the statute to avoid such a consequence, had it recognized the literal tendency of its chosen words.

The import of *Cruz–Mata* and *Cuen* is clear. Defendant was correctly denied a double credit for his 47 days of pre-probation, pre-sentence time.

### B. The Next 134 Days:

The State argues that these same authorities preclude a double credit for defendant's 134–day probationary term. However, credit for this term is governed by a different statute than the one interpreted in *Cruz–Mata* and *Cuen*. A.R.S. § 13–903(F) (1989), applicable here, provides:

> Time spent in custody under § 13–901, subsection F shall be credited to any sentence of imprisonment imposed upon revocation of probation.[2]

[2] In this case, taking defendant's two crimes separately, each qualifies for credit under a literal reading of section 13–903(F). For each he spent probationary time in custody under section 13–901;[3] for each a sentence of imprisonment was imposed on

---

2. A.R.S. § 13–901(F) (1989) provides:

When granting probation the court may require that the defendant be imprisoned in the county jail at whatever time or intervals, consecutive or nonconsecutive, the court shall determine, within the period of probation, as long as the period actually spent in confinement does not exceed one year or the maximum period of imprisonment permitted under chapter 7 of this title, whichever is the shorter.
(Footnote omitted).

3. Some interpretation of the original trial court's order is necessary to reach the conclusion that defendant in fact served concurrent

revocation of probation. The statute contains no exception for the application of concurrent probationary terms against consecutive sentences. Yet the consequence of literalism here, as under section 13–709(B), would be a double credit that the legislature, had it recognized the tendency of its chosen words, would have surely undertaken to avoid.

A.R.S. sections 13–709(B) and –903(F) were companions in enactment, see 1977 Ariz. Sess. Laws 678, 713, 719, and address the related subjects of pre-probationary and probationary credit. We believe it proper to interpret them consistently. As our supreme court stated in *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970):

> If reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may be harmonious and consistent. If the statutes relate to the same subject or have the same general purpose—that is, statutes which are in pari materia—they should be ... construed together ... as though they constituted one law. As they must be construed as one system governed by one spirit and policy, the legislative intent therefor must be ascertained not alone from the literal meaning of the wording of the statutes but also from the view of the whole system of related statutes.

We do not assert, as courts sometimes do, that the legislature precisely *intended* the result that we achieve. The legislature probably did not consider, at the time of enactment, the manner of crediting concurrent probationary terms against consecutive prison terms. However, the purpose of section 13–903(F), as of section 13–709(B), was to assure a single, not a double, credit for pre-imprisonment incarcera-

tion. Our interpretation, like those of *Cruz–Mata* and *Cuen*, serves that end.

We therefore hold that the trial court did not err in crediting defendant's 134 days of probationary incarceration only once. Where, as here, a defendant serves a probationary jail term *concurrently* for two or more offenses and ultimately serves *consecutive* prison terms for those offenses, the presentence custody shall be credited only against one sentence, not against each.

We have reviewed the record for fundamental error and found none. The judgment of conviction and sentences are affirmed.

VOSS, J., and MELVYN T. SHELLEY, Retired Judge [4], concur.

---

probationary jail terms for each of two offenses. At the sentencing hearing, the court indicated that it was following the plea agreement, which called for "[d]efendant to be placed on probation. Defendant to receive 6 flat months jail with credit for time served." The court, however, made this disposition generally, without separately stating the disposition of each offense. Then, after hearing, in a single minute entry, the court reiterated this disposition, but failed again to distinctly dispose of each offense. The minute entry did, however, encompass both offenses, and the court clearly did not intend to impose probation with enumerated terms for

one of the two crimes and leave the other wholly undisposed of. Accordingly, although the court's abbreviated sentencing format lacks desirable specificity, we conclude, for lack of differentiation, that the court intended to identically dispose of each offense.

