NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JIMMY MAMOTH, *Petitioner*.

No. 1 CA-CR 15-0658 PRPC
FILED 6-1-2017

Petition for Review from the Superior Court in Mohave County
No. CR201200671
The Honorable Rick A. Williams, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Jimmy Mamoth, Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**T H O M P S O N**, Judge:

**¶1** Petitioner Jimmy Mamoth petitions this court for review from the dismissal of his untimely and successive petition for post-conviction relief. In 2012, Mamoth pled guilty to promoting prison contraband, a class 5 felony. The superior court sentenced Mamoth to 1.5 years of incarceration to be served consecutively to the Pinal County case Mamoth was already serving a sentence for. In 2015, Mamoth filed a successive petition for post-conviction relief. The superior court dismissed Mamoth's petition and Mamoth now seeks review. Unless we find that the superior court abused its discretion, we will not disturb its ruling. *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007). We grant review and having found no abuse of discretion, we deny relief.

**¶2** On November 11, 2014, Mamoth filed a pleading entitled "Nunc Pro Tunc with Memorandum of Law in Support." This filing claimed that Mamoth was entitled to presentence incarceration credit. The superior court denied Mamoth's Nunc Pro Tunc with Memorandum of Law in Support noting that Mamoth's pleading was an attempt to circumvent Arizona Rule of Criminal Procedure 32 (Rule 32) procedures and timeframes. The court found that Mamoth was not entitled to "double credit" under *State v. McClure*, 189 Ariz. 55, 938 P.2d 104 (App. 1997); *State v. Cuen*, 158 Ariz. 86, 761 P.2d 160 (App. 1988); and *State v. Chavez*, 172 Ariz. 102, 834 P.2d 825 (App. 1992).

**¶3** Mamoth's third and instant petition for post-conviction relief again claimed that Mamoth was entitled to credit for time served pursuant to *State v. Seay*, 232 Ariz. 146, 302 P.3d 671 (App. 2013). The superior court dismissed Mamoth's petition for post-conviction relief finding that Mamoth failed to provide case law to support granting an additional 140 days' credit. On review, Mamoth claims only that he is entitled to "credit for time served for all time between his transfer from the corrections

department to the county jail and his sentencing" which he asserts amounts to 140 days' credit.[1]

¶4        First, when filing an untimely notice of post-conviction relief, the petitioner must provide "meritorious reasons for not raising the claim in . . . a timely manner." Ariz. R. Crim. P. 32.2(b).  If a petitioner fails to do so, the superior court is required to summarily dismiss the notice. *Id.; see State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238  (App. 1991) (denying relief upon review of the trial court's denial of post-conviction relief where petitioner failed to meet the "heavy burden in showing the court why the non-compliance [with the timelines set forth in Rule 32.9] should be excused") (citing *State v. Pope*, 130 Ariz. 253, 256, 635 P.2d 846, 849 (1981)); *see also State v. Peek*, 219 Ariz. 182, 183, ¶ 4, 195 P.3d 641, 642 (2008) (claim of illegal sentence must be timely presented). Mamoth has failed to comply with the requirements of Rule 32.2(b) because he has not set forth any specific exception or indicated why his claim was not previously raised in a timely petition for post-conviction relief. We are obliged to uphold the trial court if the result is legally correct for any reason.  *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984); *State v. Cantu*, 116 Ariz. 356, 358, 569 P.2d 298, 300 (App. 1977). We find that the superior court did not abuse its discretion when dismissing Mamoth's petition for post-conviction relief.

¶5        Even if Mamoth's petition had been filed in a timely manner and was not successive, the record indicates that Mamoth's argument is unsupported by fact or law.  Mamoth was sentenced to a consecutive term of imprisonment.  As the superior court noted, this makes Mamoth's case factually distinguishable from *State v. Seay*, where the defendant was ultimately sentenced to a concurrent term.  *Id*. at 147, 302 P.3d at 672. Mamoth is seeking credit for time already credited against the Pinal County superior court case which he was previously sentenced to the Department of Corrections in.  To award Mamoth 140 days' credit would allow Mamoth to benefit from a "double credit windfall" we deemed impermissible in *State v. Cuen,* 158 Ariz. at 87, 761 P.2d at 161 (App.1988) (court may not give double credit for presentence time served when consecutive sentences are imposed.).  *See also State v. McClure*, 189 Ariz. at 57, 938 P.2d at 106.

---

[1] Mamoth does not contend that he did not receive any credit for time spent in the Mohave County jail. In fact, Mamoth, by reference, concedes that he did receive credit against his Pinal County case for time spent in the Mohave County jail pending resolution of the Mohave County case.

¶6 For the reasons stated, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA