NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

SCOTT DAVID KEDDY, *Petitioner*.

No. 1 CA-CR 17-0617 PRPC
FILED 6-5-2018

---

Petition for Review from the Superior Court in Maricopa County
No. CR1996-006123
The Honorable John R. Doody, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Scott David Keddy, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kenton D. Jones joined.

---

**M O R S E**, Judge:

¶1        Petitioner Scott David Keddy petitions this court for review from the denial of his request for relief by the superior court.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Keddy originally pled guilty to two counts of attempted molestation of a child, class 3 felonies and dangerous crimes against children.  He was sentenced to lifetime probation on both counts.  After multiple probation revocation proceedings, he was eventually revoked on one count,  sentenced to 5 years' imprisonment, and given 857 days of pre-sentence incarceration credit.  He was reinstated to lifetime probation on the remaining count, to commence upon release from prison.

¶3        In 2017, after his release from prison, Keddy once again faced a petition to revoke his probation on the remaining count.  Keddy entered an admission to violating his probation, the superior court ordered his probation revoked, and he was sentenced to 9 years' imprisonment, with credit for 111 days of pre-sentence incarceration.

¶4        Keddy filed a Motion for Sentence Correction Presentence Incarceration Credit Issue, claiming he was entitled to an additional 855 days, or a total of 966 days of pre-sentence incarceration credit.[1]   The superior court denied the motion, finding that the amount of credit he received at his sentencing was correct.[2]

¶5        Keddy reiterates his claim in his petition for review, but now claims he was entitled to a total of 783 days of credit, or 672 additional days of credit.[3]

---

[1]        Keddy's motion incorrectly added his own figures.

[2]        Keddy did not request relief under Rule 32, and the superior court did not construe his motion as a Rule 32 request for relief.  However, since Keddy's motion under Rule 24.3 would have been untimely, while a request under Rule 32 would have been timely, and the superior court analyzed the merits of his claim, we construe this as a proceeding under Rule 32.

[3]        We note that none of the cases cited by Keddy in his petition for review support his position.  *State v. DePiano*, 187 Ariz. 27 (1996) has been

**¶6**      The applicable pre-sentence report reflects that after he was released from prison, Keddy was incarcerated on the remaining count for 81 days prior to his revocation and sentence. The superior court gave him an additional 30 days credit for its directive requiring him to serve 30 days jail on this count in a prior reinstatement.

**¶7**      Keddy already received credit for the additional days he claims on the count for which he was originally revoked and ordered to prison. Since he is not being sentenced to a concurrent prison term, his claim has no merit, and the court correctly credited him with only 111 days. *See State v. Chavez*, 172 Ariz. 102, 104 (App. 1992) (holding that pre-sentence incarceration prior to placement on probation only applied to one of consecutive terms of prison); *see also State v. Witt*, 19 Ariz. App. 440, 441 (1973) (holding that crediting pre-sentence incarceration on a revocation of probation for time served prior to revocation not mandated); *State v. McClure*, 189 Ariz. 55, 57 (App. 1997) ("When consecutive sentences are imposed, a defendant is not entitled to presentence incarceration credit on more than one of those sentences, even if the defendant was in custody pursuant to *all* of the underlying charges prior to trial.").

**¶8**      We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

overruled. *See State v. Davis*, 206 Ariz. 377 (2003). Keddy did not present the constitutional issues discussed in *DePiano* and *Davis* to the superior court, and we decline to consider them. *See State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988). Keddy also cites to *State v. Snider*, 172 Ariz. 163 (App. 1992) and *State v. Salinas*, 23 Ariz. App. 232 (1975), but neither case involved consecutive sentences.