NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LYLE SCOTT PODERGOIS, *Petitioner.*

No. 1 CA-CR 17-0398 PRPC
FILED 7-3-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2007-007529-001
The Honorable John R. Doody, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Lyle Scott Podergois, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

**C A T T A N I**, Judge:

¶1          Lyle Scott Podergois petitions for review from the superior court's summary dismissal of his petition for post-conviction relief.  For reasons that follow, we grant review but deny relief.

¶2          In 2008, Podergois pleaded guilty to two counts of fraudulent schemes and artifices, class 2 felonies.  The two offenses were committed at different times and involved different victims.   The superior court suspended sentence and imposed concurrent seven-year terms of probation.  Podergois did not seek review.

¶3          In 2010, Podergois admitted violating a term of his probation. The superior court revoked probation as to Count 2 and imposed five years' imprisonment with credit for 415 days served; the court reinstated probation as to Count 1 for a term of five years "beginning upon absolute discharge from prison for a separate offense [(Count 2)]."  Podergois filed a notice of post-conviction relief from the probation revocation/reinstatement proceedings, but his counsel found no viable claims for relief and Podergois did not file a pro se petition.  The superior court then dismissed that proceeding.

¶4          In late 2013, Podergois was released from prison and began his reinstated probationary term for Count 1.  In late 2016, Podergois admitted violating a term of his probation, and the superior court revoked probation and imposed a five-year prison sentence with credit for 51 days served.

¶5          Podergois then filed the instant post-conviction proceedings. After counsel found no colorable claim, Podergois filed a pro se petition raising multiple claims, largely premised on his assertion that his punishments for Count 1 and Count 2 were required to run concurrently, so their term had already expired.  After full briefing, the superior court summarily dismissed his petition.  This petition for review followed.

¶6          Podergois reiterates his claims that his latest sentence of imprisonment is not authorized by law, and thus that he is now being held in custody after his sentence expired.  *See* Ariz. R. Crim. P. 32.1(a) (constitutional violation), (c) (unlawful sentence), (d) (incarcerated after expiration of sentence).  He claims that the 2016 sentence for Count 1 violates double jeopardy principles because the 2008 sentencing order imposed concurrent terms of probation, so in his view the period of probation for Count 1 should have continued to run during his

incarceration for Count 2 after he violated probation in 2010. He further urges that the 2010 disposition order—which rendered the punishments consecutive by revoking to prison on Count 2 and reinstating probation on Count 1 following release—violated statutory protections against double punishment, *see* A.R.S. § 13-116, and a purported requirement that probationary terms arising from a single indictment run concurrently, *see State v. Pakula*, 113 Ariz. 122 (1976). And Podergois further argues that his counsel during the 2010 revocation proceedings was ineffective for failing to advise him that the disposition (revoke to prison on one count, reinstate to probation on the other consecutive to prison) was unlawful.

¶7 These claims—under Rule 32.1(a) and (c)—are now precluded because they challenge the 2010 disposition and could have been raised in a timely post-conviction proceeding after that disposition. *See* Ariz. R. Crim. P. 32.2(a)(3). In any event, Podergois is not entitled to relief. As relevant here, double jeopardy principles prohibit multiple punishments for the same offense. *Lemke v. Rayes*, 213 Ariz. 232, 236, ¶ 10 (App. 2006). But Podergois was not exposed to multiple punishments for a single offense; rather, he was punished for two offenses (probation later revoked to prison for Count 2, and probation later revoked to prison for Count 1). Similarly, although double punishment principles prohibit non-concurrent sentences for multiple convictions resulting from a single act, *see* A.R.S. § 13-116, Podergois's convictions arose from separate acts, on different dates, against different victims. Thus, § 13-116 is not implicated. Moreover, Podergois's premise—that his time incarcerated for Count 2 should be credited to his reinstated period of probation for Count 1—is mistaken. "If probation is imposed on one who at the time is serving a sentence of imprisonment imposed on a different conviction, service of the sentence of imprisonment shall not satisfy the probation." A.R.S. § 13-903(E).

¶8 Podergois's reliance on *State v. Pakula* for a purported entitlement to concurrent punishments is similarly misplaced; that case was rendered "obsolete" by statutory changes to the criminal code, and the Arizona Supreme Court has since squarely held that consecutive terms of probation may be imposed for different offenses, regardless whether the charges are brought in the same indictment. *See State v. Bowsher*, 225 Ariz. 586, 589, ¶¶ 15, 17, 20 (2010). Further, Podergois's admitted violation of his originally-concurrent probationary terms opened the door to imposing consecutive punishments on revocation. *See* A.R.S. § 13-901(C) ("If the court revokes the defendant's probation and the defendant is serving more than one probationary term concurrently, the court may sentence the person to terms of imprisonment to be served consecutively."). And

because the 2010 disposition was not unlawful, Podergois's ineffective assistance claim fails.

¶9        The superior court lawfully revoked probation on Count 2 and reinstated Podergois to an effectively-consecutive term of probation—following release from confinement—on Count 1 in 2010.  Podergois then admittedly violated probation during the reinstated probationary period after his release.  Because Podergois was not entitled to concurrent credit for imprisonment and probation after his 2010 violation, his claim that he is now being held after expiration of his sentence fails.  Similarly, because the 2016 revocation for Count 1 did not lead to a concurrent prison term, Podergois's argument that he is entitled to additional presentence incarceration credit (which was credited to his sentence for Count 2) fails.  *See generally State v. Chavez*, 172 Ariz. 102 (App. 1992).

¶10        Podergois's petition for review also mentions, but does not otherwise explain or develop, claims that the State unconstitutionally suppressed evidence and that newly discovered evidence undermines his conviction or sentence.  These undeveloped claims do not provide a basis for relief.  *See* Ariz. R. Crim. P. 32.9(c)(4)(B)(iv).

¶11        Finally, Podergois urges that the superior court erred by dismissing his petition without holding an evidentiary hearing.  As described above, however, Podergois did not present a colorable claim for relief, so the superior court did not err by summarily dismissing the petition.  *See* Ariz. R. Crim. P. 32.6(d)(1).

¶12        Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA