IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant,*

v.

HILARY YUG, *Appellee.*

STATE OF ARIZONA, *Appellant,*

v.

KODY JOE DELFAY, *Appellee.*

STATE OF ARIZONA, *Appellant,*

v.

ALVIN EVERETT CHARLEY, *Appellee.*

Nos. 1 CA-CR 21-0028
1 CA-CR 21-0029
1 CA-CR 21-0164
(Consolidated)
FILED 11-23-2021

Appeal from the Superior Court in Coconino County
Nos.  S0300CR2019-00619
S0300CR2019-01227
S0300CR2020-00397
S0300CR2020-00523
S0300CR2020-00574
S0300CR2020-00575
S0300CR2020-00576

S0300CR2020-00577

The Honorable Mark R. Moran, Judge, *Retired*
The Honorable Ted S. Reed, Judge

**SENTENCING ORDERS AMENDED**

---

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Daniel Noble, Kory J. Koerperich
*Counsel for Appellant*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellee*

---

**OPINION**

Presiding Judge Cynthia J. Bailey delivered the opinion of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**B A I L E Y**, Judge:

¶1 In these consolidated appeals, the State challenges the superior court's award of double-time incarceration credit under Arizona Revised Statutes ("A.R.S.") § 31-144 when it imposed prison sentences on Hilary Gorong Yug, Kody Joe Del Fay, and Alvin Everett Charley (collectively, "Defendants"). For the following reasons, we conclude that double-time incarceration credit does not apply to a defendant's subsequently-imposed prison sentence, because A.R.S. § 13-712(B) expressly governs presentence incarceration credit in that context and provides that "[a]ll time *actually spent* in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment."[1] (Emphasis added.) Accordingly, we reverse the superior court's ruling granting double-time

---

[1] We cite the current version of this provision, formerly A.R.S. § 13-709(B), because no changes material to our opinion have occurred. *See* 2008 Ariz. Sess. Laws, ch. 301, § 27(B)(2nd Reg. Sess.)(H.B. 2207).

credit and amend the sentencing orders to reflect the appropriate credit for presentence incarceration.

## FACTS AND PROCEDURAL HISTORY

**¶2**          In separate unrelated matters, Defendants each pled guilty to various felony offenses and each agreed to serve a prison sentence. While awaiting sentencing, each was incarcerated in the county jail and worked as a trusty.

**¶3**          As relevant here, A.R.S. § 31-144(A) provides that a prisoner in the county jail who works as a trusty "shall be allowed double time while so employed and each day he is so employed shall be counted as two days in computing time on his sentence." Over the State's objection, and notwithstanding § 13-712(B), the superior court granted double-time credit pursuant to each Defendant's prison sentence. The State timely appealed the sentencing orders. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4032(5).

## DISCUSSION

**¶4**          We review the superior court's ruling on presentence incarceration credit *de novo*, *State v. Bomar*, 199 Ariz. 472, 475, ¶ 5 (App. 2001), and will not disturb the court's sentencing order absent a clear abuse of discretion, *State v. Ward*, 200 Ariz. 387, 389, ¶ 5 (App. 2001). The court's sentencing authority originates from "legislative mandates regarding sentencing, and discretion may be exercised only within the parameters determined by the legislature." *State v. Vargas–Burgos*, 162 Ariz. 325, 326 (App. 1989) (citations omitted).

**¶5**          Our courts have long interpreted A.R.S. § 13-712(B) to permit presentence incarceration credit solely for time spent in "actual incarceration in a prison or jail." *State v. Reynolds*, 170 Ariz. 233, 234-37 (1992); *see State v. Cruz-Mata*, 138 Ariz. 370, 375 (1983) (recognizing that A.R.S. § 13-712(B) is meant "to reduce the number of days served in prison by an inmate by the number of days the inmate spent in presentence custody" (citation omitted)). In *State v. Cuen*, 158 Ariz. 86 (App. 1988), we explained that § 13-712(B) is based on the equal-protection principle that a defendant who cannot afford bail may not be made to "serve longer in custody through presentence incarceration than similarly sentenced defendants able to post bail." *Id.* at 88 (quoting *State v. Hamilton*, 153 Ariz. 244, 245 (App. 1987)). The issue in *Cuen* was whether a defendant sentenced to consecutive sentences was entitled to have the statutory credit applied to

each of the sentences. *Id.* at 87. This court reasoned that the purpose of §
13-712(B) would not "be served by granting a second or 'double credit'
against a later consecutive sentence." *Id.* at 88; *cf. Cruz-Mata*, 138 Ariz. at
375 (holding that when a court imposes concurrent sentences, it must award
presentence incarceration credit against each sentence).

¶6　　　　As applicable here, the superior court cited § 31-144(A) in
granting Defendants credit for more than the time they "actually spent in
custody" before they were sentenced. Section 31-144(A) states:

> A prisoner in a city, town or county jail, while working on the
> public streets, highways or other public works as a trusty
> outside the jail without requiring armed guards, or while
> holding a position of trust either within or without the jail,
> shall be allowed double time while so employed and each day
> he is so employed shall be counted as two days in computing
> time on his sentence except in cases in which a specific release
> date is set forth in the commitment.

¶7　　　　As the State argues, however, § 31-144(A) does not authorize
a double-time credit against a *prison sentence* for time spent working as a jail
trusty before sentencing, and to conclude otherwise would be inconsistent
with the dictates of § 13-712(B), which only provides for a credit for "time
actually spent in custody." In *State v. Rosu*, 131 Ariz. 276, 277 (App. 1981),
the defendant served a jail term as a condition of probation. Upon release,
he violated his probation and was sentenced to prison. *Id.* At sentencing,
he argued he was entitled to double-time credit against his prison sentence
for time spent working while he was in jail as a condition of probation,
apparently relying on A.R.S. § 31-144(A). *Id.* at n.1. Interpreting the "in
custody" requirement of A.R.S. § 13-712(B), we concluded that the
defendant was not entitled to credit on his prison sentence for more time
than he actually spent in custody for the offense. *Id.* at 277-78.

¶8　　　　Implicit in our holding in *Rosu* was the conclusion that the
double-time allowance available under A.R.S. § 31-144(A) does not extend
to prison sentences, but instead applies only to the computation and
potential reduction of a jail term. *See In re Webb*, 150 Ariz. 293, 294 (1993)
(noting that § 31-144(A) applies to sentences, other than those specifying
"flat" time, imposed for misdemeanor convictions; distinguishing
incarceration as a term of probation); *Escalanti v. Superior Court*, 165 Ariz.
385, 388 (App. 1990) (noting that work as a trusty "reduces the [jail
prisoner's] total jail term").

¶9            The superior court's award of double-time credit was contrary to § 31-144(A). We correct the court's error by modifying the amount of presentence incarceration credit applied to Defendants' prison sentences.

¶10           Finally, in Charley's appeal, the State argues the superior court also erred in applying presentence incarceration credit to a consecutive probation term. The court sentenced Charley to prison and also imposed a probation term to run consecutively to the prison sentence. The court ordered that Charley's presentence incarceration credit, including double-time credit, would be applied both to his initial prison sentence and to any future prison sentence that might result if he violated his probation term. Although the State opposed the award of double-time credit to Charley's prison sentence, it did not object to the award of credit to his probation term.

¶11           The superior court exceeds its authority if it fails to comply with a mandatory sentencing provision and such an error may be raised by the State for the first time on appeal. *See Vargas-Burgos*, 162 Ariz. at 326-27 (recognizing the State's right to appeal a sentencing error despite failing to object below); *see also State v. Dawson*, 164 Ariz. 278, 281 (1990) (noting that a sentencing error "is one of those rare situations" where the State may seek review despite failing to object below). Because the State argues the court awarded presentence incarceration credit in excess of what is statutorily permitted, the matter is properly appealable and subject to our review.

¶12           Presentence incarceration credit, as dictated by A.R.S. § 13-712(B), applies only to a sentence of incarceration; it cannot be awarded unless and until a defendant is sentenced. Imposition of probation is not a sentence. *See Pickett v. Boykin*, 118 Ariz. 261, 262 (1978) ("Probation is not a sentence but rather a feature of the suspension of imposition of sentence."). In Charley's case, the superior court erred in prematurely applying credit to a future prison sentence that may or may not result from Charley's probation. Even if the statute permitted such a ruling, Charley was not entitled to double or compounded credit on what would be a consecutive prison sentence. *See Cuen*, 158 Ariz. at 87-88; *State v. Sodders*, 130 Ariz. 23, 30 (App. 1981) (concluding that the legislature did not intend to give "compounded credit time when consecutive sentences are imposed"). Accordingly, we correct the court's error by vacating the presentence incarceration credit applied to Charley's consecutive probation term.

## CONCLUSION

**¶13** For the foregoing reasons, we amend the superior court's sentencing order in each of these three appeals to reflect the correct amount of presentence incarceration credit. *See* Ariz. R. Crim. P. 31.19(c) (permitting the appellate court to modify the action of a lower court); *see also State v. Stevens*, 173 Ariz. 494, 496 (App. 1992) (amending sentencing order to correct presentence incarceration credit without remand). The sentencing orders are hereby amended as follows: the award of presentence incarceration credit to Yug is modified to 559 days; the award of presentence incarceration credit to Del Fay is modified to 206 days; and the award of presentence incarceration credit to Charley is modified to 434 days as to his prison sentence and vacated as to his consecutive probation term. As amended, and in all other respects, the sentencing orders are affirmed.

